EX PARTE CARRILLO, APPELLANT. THE PEOPLE, RESPONDENT.

APPEAL from the District Court of Guayama.

No. 608.—Decided May 19, 1913.

PETTY LARCENY—DOUBLE SENTENCE.—A judgment of conviction of the crime of petty larceny under which the petitioner was sentenced to pay a fine of $200 with costs and to imprisonment for six months at hard labor, is not a double sentence and is neither void nor contrary to law, for under sections 431 of the Penal Code and 324 of the Code of Criminal Procedure as amended by the Acts of March 8, 1906, and March 9, 1911, relating to the imposition of costs in criminal cases, the court is authorized to pass such sentence.

ID.—HABEAS CORPUS—APPEAL—MALICIOUS MISCHIEF.—The question of whether the facts proven at the trial constitute malicious mischief rather than petty larceny cannot be considered in *habeas corpus* proceedings, for that is a question for consideration in an appeal from the judgment.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

The appellant did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This case originated in the District Court for the Judicial District of Guayama in a petition of Francisco Carrillo for a writ of *habeas corpus,* and the proceedings having been prosecuted with due legal formality, the court decided on April 23 last that the petitioner was not entitled to the relief

sought and should continue in jail. From that decision Carrillo took the present appeal to this court.

The appellant contends that his imprisonment is unlawful and in support thereof alleges:

(a) That the facts as set forth in the information and proven at the trial do not constitute a public offense.

(b) That even though he had committed the acts charged, they do not constitute the crime of petty larceny, for which he was tried and sentenced, but the crime of malicious mischief.

(c) That the judgment is null and contrary to law because two penalties have been imposed upon him, one of a fine of $200 and costs and another of imprisonment for six months at hard labor.

The appellant is not entitled to the release from imprisonment which he seeks.

In the information the accused is charged with having on August 28, 1912, at 5.30 p. m., in the ward of Palmas Altas of Guayama in the municipal judicial district of the same, wilfully and maliciously and with criminal intent taken and carried away from the property of Orlando Porrata a pig belonging to Maximino Saunión, valued at $1.50, which pig was under the care of the informer, Jesús Cruz, an employe of Saunión, thereby depriving Saunión of the said pig which was intended for his own private use.

Judgment of guilty of the crime of petty larceny was rendered against the accused on November 18, 1912, and he was sentenced to "a fine of $200 with costs and imprisonment for six months at hard labor."

The facts set forth in the information constitute the public offense of petty larceny as defined in section 426 of the Penal Code and punishable as provided in section 431 by a maximum fine of $500 or by imprisonment in jail not exceeding one year, or both, in the discretion of the court.

Section 3 of the Act of March 8, 1906, repealing section

323 and amending section 324 of the Code of Criminal Procedure, and for other purposes, provides that whenever a person is convicted of a misdemeanor and is sentenced to imprisonment in a district jail for a term exceeding 90 days, the court in its discretion may direct that he be put to labor upon public works during the term of his imprisonment.

And the Act of March 9, 1911, regarding the imposition of costs in criminal cases provides that whenever a judgment of conviction is rendered by any court against a defendant or defendants in a criminal case, the costs incurred in the case shall be imposed against such defendant or defendants as a part of the sentence of the court.

It appears, therefore, that not only do the acts charged against the appellant constitute a public offense, that of petty larceny, but that the court imposed upon him the punishment which it is empowered to impose by the statutory provisions cited. There were not two sentences, but only one.

It is not necessary to consider in the present appeal whether the facts proven at the trial constitute malicious mischief and not petty larceny; that question could be considered on appeal, but not in *habeas corpus* proceedings.

The appeal is dismissed and the decision appealed from affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.